UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ARNOLD M. WACHTEL,

            Plaintiff,

        -against-

NATIONAL RAILROAD PASSENGER
CORPORATION, individually and d/b/a
AMTRAK, and AMTRAK, individually,

           Defendants.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 30, 2012

11 Civ. 613 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

      Arnold M. Wachtel ("Plaintiff") sues the National Railroad Passenger Corporation and Amtrak ("Defendants") under the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and for breach of contract.

## BACKGROUND

      In April 2007, Plaintiff applied for a police officer position with Defendants. (Am. Compl. ¶ 16.) On June 13, 2007, Plaintiff received notification from Defendants that he had been "conditionally selected" for the position, but the "offer is contingent" on Plaintiff passing a background check and a medical and psychological examination. (Id. ¶¶ 17, 26; Embry Decl. Ex. B.) After his background check was completed, Plaintiff was informed that he would be placed on a "ready to hire list." (Id. ¶ 18.) Plaintiff waited to be scheduled for psychological and medical examinations. (Id. ¶ 24.) Plaintiff contacted Defendants on multiple occasions to inquire about the status of his candidacy. (Id. ¶¶ 19-20.) Plaintiff was allegedly told, in essence, that they would not schedule him for the required examinations because he was "too old" for the

position.  (Id. ¶ 24; see also ¶ 24.)  In sum, Plaintiff alleges that Defendants committed age discrimination and materially breached an alleged contract with Plaintiff.

On January 28, 2011, Plaintiff filed a complaint against Defendants.  On June 6, 2011, Defendants moved to dismiss Plaintiff's breach of contract claim, which the Court granted on July 29, 2011, with leave to amend.  The Court held that Plaintiff failed to allege that a contract existed because Plaintiff failed to either (1) allege that he satisfied all of the conditions precedent to formation of the contract, or (2) explain why Plaintiff is excused from completing such conditions precedent.  On August 25, 2011, Plaintiff filed an Amended Complaint, alleging that he did not complete the physical and mental examinations—which were conditions precedent to the contract—because Defendants prevented him from doing so.  (Id. ¶ 26.)  On October 26, 2011, Defendants again moved to dismiss Plaintiff's breach of contract claim.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "[T]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  Id.

In considering a motion to dismiss, a court may consider the pleadings, but may also consider documents "integral to the complaint," or documents necessarily relied on by the plaintiff in drafting the complaint.  Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (emphasis and citation omitted).  As a result, the Court will consider the June 13, 2007 Conditional Offer of

2

Employment letter which Defendants submitted along with their motion to dismiss. Plaintiff clearly relied on the letter in drafting the Complaint. (Embry Decl., Ex. B; Am. Compl. ¶ 17.)

## DISCUSSION

A successful breach of contract claim under New York law, requires (1) the existence of a contract, (2) the plaintiff's performance, (3) breach by the defendant, and (4) the existence of damages. Ferguson v. Lion Holding, Inc., 312 F. Supp. 2d 484, 493 (S.D.N.Y. 2004). Where there are conditions precedent to the formation of a contract, no contract is formed until those conditions occur. Oppenheimer & Co., Inc. v. Oppenheim, Appel, Dixon & Co., 86 N.Y.2d 685, 690 (N.Y. 1995).

The parties agree that passing mental and physical examinations are "conditions precedent" to Defendants' conditional offer. (Am. Compl. ¶ 26; Embry Decl., Ex. B.) The parties agree that Plaintiff did not take (and thus did not pass) the required mental and psychological examinations. (See Am. Comp. ¶ 27.) Plaintiff alleges, however, that Defendants prevented him from taking the required examinations, thereby excusing his performance. (Id. ¶¶ 27, 28.) Plaintiff argues that the "general rule is . . . that a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition." (Pl. Opp. 4 (quoting Kooleraire Service & Installation Corp. v. Board of Ed. of City of New York, 28 N.Y.2d 101, 106 (1971).)

"That general rule, however, applies when there is a binding contract in effect that contains the condition precedent in question . . . ." Sony Music Entertainment, Inc. v. Were, 907 N.Y.S.2d 441, 2010 WL 1049292, at *3 (N.Y. Sup. Ct. N.Y. Co. Mar. 17, 2010). "[W]hen there is a 'condition precedent to the formation or existence of the contract itself ... *no contract arises*

'unless and until the condition occurs.'" Adams v. Suozzi, 433 F.3d 220, 227 (2d Cir. 2005) (quoting Oppenheimer & Co, 86 N.Y.2d at 690) (emphasis in original).

Here, the June 13, 2007 letter makes clear that Plaintiff's completion of physical and mental examinations were conditions precedent to the formation of the contract, by stating:

> You have been *conditionally selected* for the position of police officer at Amtrak. This *offer is contingent on you passing* the required medical and psychological examinations. It is *also contingent* on the results of a background check. *If* Amtrak determines that you have passed both examinations and your background check is acceptable, you will be offered a vacation position . . . .

(Embry Decl., Ex. B (emphasis added).) Since Plaintiff did not complete all of the conditions precedent, no contract was formed, and Defendants were under no implied obligation not to frustrate or prevent the performance of the conditions precedent. Sony Music, 2010 WL 1049292, at *3.

Plaintiff also argues that the June 13, 2007 letter does not reflect the "agreement Plaintiff entered into" and that "Plaintiff signed a contract accepting employment in or around the time that Defendants sent this offer of conditional employment." (Pl. Opp. 3-4 (citing Am. Compl. ¶¶ 33-38, Wachtel Aff. ¶ 4.) In his Amended Complaint, however, Plaintiff neither alleges that he signed any agreement with Defendants, nor implies that there was any agreement besides the conditional offer conveyed in the June 13, 2007 letter. While Plaintiff attached an affidavit to his opposition brief in an attempt to support his argument, the Court cannot consider affidavits in ruling on a motion to dismiss. See Cyril v. Neighborhood P'ship II Housing Dev. Fund, Inc., 124 Fed.App'x 26, 27 n.2 (2d Cir. 2005).[1]

---

[1] Even if the Court were able to consider the affidavit, the Court would reach the same conclusion. The affidavit states that on July 31, 2007, Plaintiff was told by Capt. Collins "that they would hire me after I passed the background check, medical and psychological exams. At that time I signed a contract stating that I accepted this employment." (Wachtel Aff. ¶ 4.) Thus, even the affidavit demonstrates that any "contract" signed would come into effect upon satisfaction of the conditions precedent.

---
—

Since Plaintiff failed to complete all of the conditions precedent to the formation of the alleged contract, no contract was ever formed. Having failed to allege the existence of a valid contract, Plaintiff's breach of contract action fails.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's breach of contract claim is GRANTED. The Clerk of Court is directed to terminate the pending motion at docket number 17.

The parties are directed to meet and confer and to submit a civil case management plan.

Dated: New York, New York
January 30, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge